**Jan WRONCY, Plaintiff—Appellant,**

v.

**LANE COUNTY, Defendant—Appellee.**

No. 03–35271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided April 2, 2004.

Jan Wroncy, Blachly, OR, pro se.

David C. Force, Esq., Eugene, OR, for Plaintiff–Appellant.

David B. Williams, Esq., Lane County Courthouse, Eugene, OR, for Defendant–Appellee.

Before GOODWIN, MCKEOWN, and FISHER, Circuit Judges.

MEMORANDUM \*

Plaintiff Jan Wroncy filed a complaint under Title II of the Americans with Disabilities Act, alleging that defendant Lane County failed to accommodate her disabilities of Multiple Chemical Sensitivity ("MCS") and Dual Variegate Porphyria. After the district court excluded evidence of her disabilities in a similar case against the Oregon Department of Transportation, the court ordered briefing on the preclusive effect of that decision. The court then granted summary judgment *sua sponte* in favor of Lane County, ruling that Wroncy could present no admissible evidence of her disabilities and that she had not shown any discrimination on account of her disabilities.

Because the district court erred in equating porphyria with MCS, *see Wroncy v. Oregon Dep't of Transp.*, No. 02–35809, \*2, 2004 WL 720222 (9th Cir.2004) (unpublished), summary judgment for Lane County was improper.[1] The district court's alternative holding, that Wroncy cannot establish discrimination on account of her disability, was premature because she did not have notice that she must come forward with her evidence on that issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Accordingly, we REVERSE and REMAND to the district court for further proceedings. Allocation of costs to await final judgment.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Our ruling should not be read as suggesting that Wroncy has established that she suffers from any form of porphyria. Rather, we address only whether the district court's ruling in Wroncy's related case affects the admissi-

bility of her evidence of porphyria in this case.

